UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23308

JANEISY SANTOS,

    Plaintiff,

vs.

HEALTHCASE LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Janeisy Santos, sues Defendant, Healthcase LLC, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Janeisy Santos**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Healthcase LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

1

5. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

6. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Janeisy Santos, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

7. Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Defendant regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant' business an enterprise covered by the Fair Labor Standards Act.

9. Defendant was, at all times material, an enterprise engaged in interstate commerce in the course of its marketing, sales, promotion, brokerage, and transacting of international healthcare solutions for persons domiciled and/or traveling all over the globe which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

10. Defendant also communicated with its workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

11. Defendant also engaged in e-commerce through the internet on its website, https://healthcaseservices.com, which it registered through GoDaddy LLC (a foreign corporation).

12. Defendant engaged in interstate commerce in its regular and recurrent submission of billings and its receipt of payment involving out-of-state payors, clients, healthcare providers, and vendors.

13. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

14. Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

15. Plaintiff was a non-exempt employee of Defendant.

16. Plaintiff consents to participate in this lawsuit.

17. In particular, Defendant owns and operates a travel healthcare business by coordinating medical and related services for persons traveling through different parts of the world while using toner, printers, pens, paper, furniture, phone systems machinery, appliances, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

18. Plaintiff worked for Defendant as a "customer service representative" from approximately January 2022 as a temporary worker through an agency and then as an employee of Defendant from May 1, 2022 through August 17, 2022 (as her last day in the office) until being terminated from work on September 9, 2022.

19. Plaintiff's job duties involved answering calls from persons located across the world, responding to request, and assisting with the provision of Defendant's global services to travelers in need.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

21. Plaintiff's work for Defendant was actually in, or so closely related to, the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of her regularly and routinely placing telephone calls and exchanging electronic information over the internet with persons and entities located outside of the State of Florida.

22. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendant.

23. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all the hours worked beyond 40 hours in a given workweek.

24. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

25. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff the overtime pay earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Janeisy Santos, demands the entry of a judgment in Plaintiff's favor and against Defendant, Healthcase LLC, after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

5

## COUNT II – BREACH OF CONTRACT
### (Against Healthcase LLC)

Plaintiff, Janeisy Santos, reincorporates and re-alleges paragraphs 1 through 6 as though set forth fully herein and further alleges as follows:

27. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] See e.g., *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

28. Plaintiff and Defendant agreed that in exchange for her expending time and effort on its behalf, it would compensate her at a rate of $19.00 for each hour that worked for it.

29. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

30. Defendant, Healthcase LLC, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $19.00 for each of hour work performed for Defendant from May 1, 2022, through August 17, 2022, by mistakenly paying her at a rate of $18.00 per hour.

31. Plaintiff complained to Defendant about its underpayment of the hourly wage to her, and Defendant both acknowledged and indicated it would look into the issue, but Defendant never resolved the issue during Plaintiff's employment (or afterwards).

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

32. Plaintiff has been damaged as a result of Defendant's $1.00 per hour underpayment for the work Plaintiff performed from May 1, 2022, through August 17, 2022.

WHEREFORE Plaintiff, Janeisy Santos, demands the entry of a judgment in her favor and against Defendant, Healthcase LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Janeisy Santos, demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of October 2022,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:   305.230.4884
> *Counsel for Plaintiff*